FRANK HILL v. THE STATE.

No. 8799.   Decided October 22, 1924.

No motion for rehearing filed.

**1.—Manufacturing Liquor—Continuance—Diligence.**

A motion for continuance on account of absence of witnesses, will not be granted, unless diligence is shown to secure the attendance of such witnesses. Appellant was indicted on the 9th day of February, 1924, was arrested and made bond on the 12th day of the same month. Cause set for trial on March 20th following. On March 17th subpoenas were issued for witness. *Held*, that no diligence was shown.

**2.—Same—Bills of Exception—No Statement of Facts.**

Where there is no statement of facts contained in the record, bills of exceptions complaining of the reception of evidence cannot be considered.

**3.—Same—Retiring Jury—Presenting Motions.**

It is not necessary for the trial court to retire the jury to permit appellant to present a motion for an instructed verdict. Such motion should be presented in writing and passed on, unless argument is presented, without any necessity for retiring jury.

Appeal from Criminal District Court No. 2 of Dallas County. Tried below before the Hon. Chas. A. Pippin, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

*Oscar H. Calvert,* for appellant.

*Shelby Cox*, District Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in Criminal District Court No. 2 of Dallas County of the offense of unlawfully manufacturing spirituous, vinous and intoxicating liquor, and his punishment fixed at one year in the penitentiary.

We find in the record in this case no statement of facts and for that reason are unable to appraise most, if not all, of the complaints made in the various bills of exception.

The indictment contained a number of counts only one of which was submitted to the jury. The count submitted to the jury charged the accused in sufficient form with the offense of manufacturing spirituous liquor capable of producing intoxication.

The indictment was returned into court on the 9th of February, 1924, and on the 12th of the same month appellant was arrested and made bond. The case was tried on March 20th thereafter. On March 17th appellant procured the issuance of subpoenas for a number of witnesses who lived outside of Dallas County. On account of the failure of service of said process upon the witnesses and their consequent absence a motion for continuance was made by the accused. The facts stated above fall short of the diligence which would be required in order to call for favorable action.

Appellant's bills of exception Nos. 3, 4, 5, 7, 8, 9 and 10 complain of the reception of evidence. The materiality of the errors complained of cannot appear to us in the absence of a statement of facts. Bill of exceptions No. 11 discloses complaint of the refusal of the court to retire the jury while appellant made a motion for a peremptory instruction of not guilty. The court qualifies said bill by the statement that counsel could have presented his motion for an instructed verdict in writing if he did not want the jury to hear what was said, and that as soon as the court understood appellant's motion he promptly overruled it. We observe no error in the action of the trial court, nor what was said by him in the presence of the jury. Complaint of the insufficiency of the evidence cannot be considered by us in view of the absence of a statement of facts.

The judgment of the trial court will be affirmed.

*Affirmed.*